TISHOMINGO ELECTRIC LIGHT & POWER CO. ET AL VS BURTON.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 154).

1. *Pleadings—Demurrer—Dismissal.*

Mansf. Dig. Art. 5028 (Ind. Ter. Ann. St. 1899, Art. 3233) provides that defendant may demur when it appears from the face of the complaint that there is a defect of parties plaintiff or defendant. Sec. 5016 Mansf. Dig. (Ind. Ter. Ann. St. 1899, Art. 3221) provides that the court shall, at any time before the defense, on motion of

the defendant, strike out of the complaint any cause or causes of action improperly joined with others. *Held;* No error of court in refusing to dismiss the action.

2. *Complaint—Misjoinder of Actions.*

Under Sec. 5016 Mansf. Dig. (Ind. Ter. Ann. St. 1899, Art. 3221) the court shall strike from the complaint any cause of action improperly joined. *Held;* That where the defendant, in an action against an individual, the complaint alleged that said individual employed plaintiff to obtain an electric lighting franchise for a corporation of which the defendant was the principal owner and that the services of plaintiff were reasonably worth $100, that thereafter defendant employed plaintiff to superintend the construction of a building and to assume general management of the corporation which services were reasonably worth $780. *Held;* The refusal of the court to grant defendant's motion to strike from the complaint that portion having reference to the $720 demand was prejudicial error, said claims being separate and distinct.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, March 4, 1904.

Action by Z. T. Burton against the Tishomingo Electric Light & Power Company and others. From a judgment in favor of plaintiff, defendants appeal. Reversed and remanded.

Appellee, as plaintiff, brought an action against appellants, as defendants, to recover for services rendered and moneys advanced by appellee for which defendants had the use and benefit. Complaint alleges that defendant Foley resides in the state of Kansas; that defendant, the Tishomingo Electric Light & Power Company is a corporation, duly incorporated under the laws of the state of Kansas, and engaged in the business of furnishing light and power by means of electricity in the town of Tishomingo, I. T. Alleges for cause of action that defendant Foley is president and principal owner

of said defendant power company; that on February 1, 1902, defendant Foley employed plaintiff to go from Kansas to Tishomingo and use his efforts and skill to obtain a franchise from the council of said town for the exclusive right to conduct an electric light and power company for a period of 20 years in said town, and employed plaintiff to otherwise promote the interests of said corporation when the said franchise was obtained; that, pursuant to said request, plaintiff went from Parsons, Kan., to Tishomingo and did procure for said Foley an exclusive franchise for an electric light and power company for a period of 20 years; that said services were reasonably worth the sum of $100, no part of which has ever been paid. Plaintiff further says that, after procuring said franchise, said Foley employed plaintiff to superintend the construction of a building necessary for the conduct of said business and the placing of all necessary machinery and apparatus for supplying light and power by means of electricity in said town of Tishomingo, and, after the completion of said structure and appliances, to act as general manager of said Foley and said light company in the conduct of the business; that plaintiff was to receive the sum of $60 per month for acting as such general manager; that plaintiff acted in said capacity of general manager for 12 months; that said services are worth $720 due March 1, 1903, no part of which has been paid; that plaintiff bought stamps and stationery that were used in the interest of said business and for defendant of the value of $9 and advanced $3 in cash, and paid out the further sum of $50 as the salary of J. A. Porter, no part of which has ever been repaid. Plaintiff prays judgment against defendant Foley and said power company for $882, with interest at 6 per cent. per annum from March 1, 1903. Defendant power company, appellant, filed its separate answer, and defendant Foley, appellant, filed his separate answer, in each of which separate answers each allegation of appellee's complaint, except the incorporation

and business of said power company, and that Foley is its president, is specifically denied. Defendants, appellants, filed joint motion to dismiss the suit for the reasons: First, misjoinder of parties defendants; second, misjoinder of causes of action. This motion was overruled, defendants excepting. Defendants, appellants, filed joint motion to strike from the complaint the demand made against Foley for $780 for the reason that suit is brought against said power company and said Foley on distinct and separate demands. This motion was overruled, defendants excepting. The cause was tried to a jury. Upon conclusion of the testimony, defendants (appellants) moved the court "to instruct the jury to return a verdict for defendants in said cause and against the plaintiff, for the reason that the plaintiff failed by his evidence introduced in said cause to show any cause of action against defendants in the manner and form alleged, and because the plaintiff failed by his evidence to prove his claim as alleged," which said motion was overruled, defendants excepting. So far as the record discloses, no other instructions were asked by either party or given to the jury by the court. The jury returned the following verdict in the case: "That the jury, duly impaneled and sworn, in the above-entitled cause, do from the law and evidence find the issues in favor of the plaintiff and against the defendant, P. T. Foley and find for plaintiff in the sum of $400." Upon this verdict of the jury the court pronounced the following judgment: "It is therefore considered, ordered, and adjudged by the court that the plaintiff, Z. T. Burton, do have and recover of and from the defendant P. T. Foley the sum of $400, with interest at the rate of 6 per cent. per annum from date of said verdict until paid, together with his costs in this behalf expended, for which let execution issue." Appellants' motion for a new trial was overruled by the court, and the above judgment entered on the verdict. Cause stands here on appeal by defendants.

*W. H. Bingham,* for appellants.

*Mansfield, McMurray & Cornish* and *Treadwell, Lucas & Young,* for appellee.

GILL, J. (after stating the facts). Appellants first, second, and fourth specifications of error are that the court refused to dismiss the action on their motion, for reason of misjoinder of parties and misjoinder of causes of action. Mansfield's Dig. § 5102 (Ind. Ter. Ann. St. 1899, § 3307) provides for what causes the court may dismiss an action. Neither misjoinder of parties nor misjoinder of causes of action appear as reasons for dismissal. Instead, the statute expressly says, Mansfield's Dig. § 5028 (Ind. Ter. Ann St. 1899, § 3233): "The defendant may demur to the complaint where it appears on, its face either: 'Fourth, that there is a defect of parties plaintiff or defendant.'" Mansfield's Dig. § 5016 (Ind. Ter. Ann. St. 1899, § 3221) provides: "The court at any time before the defense shall on motion of defendant strike out of the complaint any cause or causes of action improperly joined with others." Thus, it appears that there was no error by the court in refusing to dismiss the action.

Appellants' third specification of error is that the court erred in overruling the motion to strike out a portion of the complaint. The motion was as follows: "Now come defendants in said cause and move the court to strike from the complaint of plaintiff the demand made against P. T. Foley in said complaint for the sum of $780, for the reason that said suit is brought against P. T. Foley and the Tishomingo Electric Light & Power Company, making separate and distinct demands —a portion of said demand being against P. T. Foley, and a portion against the Tishomingo Electric Light & Power Company." While this motion may be open to criticism as not

being altogether definite and specific, still it does challenge the court to an examination of the complaint to ascertain whether any separate demand is contained therein as against the power company from the demand, if any, against said Foley, and calls upon the court to strike such separate demand, if any, from the complaint. The complaint alleges an employment of appellee by Foley to do a certain thing—that is, to go to Tishomingo and secure a franchise for 20 years from the council of said town for the "exclusive right to conduct an electric light and power company, and otherwise promote the interests of said corporation when said franchise was obtained —that appellee performed the services pursuant to such request. This employment was by Foley as an individual. There is no allegation that the appellant power company was in existence at the time the contract was made, but, on the contrary, the allegation is that appellee's services procured for Foley an exclusive franchise for an electric light and power company for a period of 20 years, and that such services were reasonably worth the sum of $100." Certainly, judgment could not be entered against appellant power company for such sum or any part of it.

The complaint then charges that the defendant, Foley, employed plaintiff to superintend the construction of a building necessary for the conduct of said business and as its general manager, and that plaintiff was to receive $60 per month for acting as general manager, and did act as general manager for 12 months; that, as such general manager, he expended $9 for stamps and stationery, and furnished defendants $3 in cash, and paid for their use $50. The previous allegation is that defendant Foley is president and principal owner of the Tishomingo Electric Light & Power Company for which company these services were performed, and for the use of which company the moneys were advanced. In what way can P.

T. Foley as an individual, although president of the power company, be held liable individually for the debt of the corporation? Certainly the president of a corporation cannot individually be responsible for the debt of such corporation. In this complaint we have two distinct propositions: First, that a service was performed for P. T. Foley, as an individual, which was reasonably worth $100. Second, that the Tishomingo Electric Light & Power Company, a corporation, used the services of the appellee for 12 months as its manager at $60 per month, and that such services were worth $720, and that appellee advanced $62 of his money for the use and benefit of said corporation while so acting as general manager. Certainly judgment could not be entered against appellant Foley as an individual for the value of services rendered to said appellant power company in the sums claimed, to wit, $782, and, upon the court's attention being challenged to the matter by motion to strike out this portion of the complaint as against Foley, it should have sustained such motion, and its action in overruling it was error. The evidence of appellee upon these matters distinctly shows that said claims were separate and distinct. He says: "I was sent to Tishomingo by P. T. Foley in 1902 to secure an exclusive franchise for an electric light plant from Parsons, Kan. I came to Tishomingo in 1902 and secured for P. T. Foley and myself an exclusive franchise for an electric light plant. I took the matter up with the Commercial Club and discussed same with the club, and the franchise was granted later by the city council to P. T. Foley and Z. T. Burton. After the franchise was granted, Mr. Foley purchased the machinery and I superintended the construction of the plant. After the completion of the plant the franchise was sold to the Tishomingo Electric Light & Power Company by P. T. Foley and Z. T. Burton. Foley wrote to me to make and send him a deed, and I made a deed to the Tishomingo Electric Light & Power Company for the consideration of $1.

My services in looking after and managing the plant after it was completed were reasonably worth the sum of $60 per month, and I was to have stock to compensate me for my services." Now, in what way, under this evidence, can it be claimed or assumed that the service rendered by appellee for the corporation be charged up against Foley as an individual on a quantum meruit, especially when the appellee says that he was to take his pay in stock in the corporation? Yet, in the verdict of the jury, without any order of court striking out the Tishomingo Electric Light & Power Company they found against the defendant Foley alone in the sum of $400, and the court, without any order striking out the Tishomingo Electric Light & Power Company as party defendant, entered up judgment against P. T. Foley as an individual on the verdict for $400. The only testimony in the case showing liability on the part of Foley adduced by appellee was for services rendered of the reasonable value of $100. It was the duty of the court to have stricken out of the complaint as party defendant the Tishomingo Electric Light & Power Company, and all claims against said company. Had the court done this the claim then would have been against P. T. Foley for the value of services rendered him to the amount of $100, and the jury could not, under such claim, have rendered a verdict for more than $100. Upon presentation of the motion for a new trial, the verdict should have been set aside and new trial ordered. The motion to strike out of the complaint the claim against the Tishomingo Electric Light & Power Company in the sum of $782 should be sustained, and the cause again submitted to a jury.

The cause is reversed and remanded, with directions to the lower court to proceed in accordance with this judgment.

CLAYTON and LAWRENCE, JJ., concur.